UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIDWEST SPECIAL SURGERY, P.C., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:09CV646 TIA |
| ) | |
| ANTHEM INSURANCE COMPANIES, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss. The Parties consented to the jurisdiction of this Court pursuant to 28 U.S.C. § 636(c).

**I. Background**

Plaintiff Midwest Special Surgery, P.C., provides plastic and orthopedic surgery services to patients insured by certain named Defendants. Outpatient Surgery Services, L.L.C., provides "surgical suite services" to those patients. Plaintiffs allege that they are non-participating providers and have no contractual arrangement with the Defendants. According to the Plaintiffs, Defendants paid an "Artificially Reduced Payment Amount" instead of the "Usual and Customary Rate". Plaintiffs seek reimbursement for the difference between these amounts.

Plaintiffs filed a Complaint against Defendants Anthem Insurance Companies, RightChoice Managed Care, Inc., HMO Missouri, Inc., Healthy Alliance Life Insurance Company, and The Wellpoint Companies, Inc. ("Anthem Defendants"), which the Anthem Defendants removed to federal court on April 24, 2009. Plaintiffs filed their First Amended Complaint for Damages and Declaratory relief on June 9, 2009, raising nine counts. The causes of action in the First Amended Complaint include: Quantum Meruit (Count I); Unjust Enrichment (Count II); Violation of Missouri's Prompt

Pay Act, Mo. Rev. Stat. § 376.383 (Count III); Declaratory Judgment (Count IV); Breach of Contract – Breach of Duty of Good Faith and Fair Dealing (Count V); Vexation Refusal (Count VI); RICO Violations (Count VII); and ERISA Violations (Counts VIII and IX). (Doc. #24) The Anthem Defendants filed a Motion to Dismiss on July 10, 2009, asserting that this Court should dismiss all of Plaintiffs' claims because they are either legally unsupportable or factually deficient, as pleaded, to state a cause of action.

## II. Legal Standards

The United States Supreme Court recently held that a complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008)

(explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

### III. Discussion

### A. Counts VIII and IX: ERISA

Defendants first contend that Plaintiffs' ERISA claims should be dismissed because Plaintiffs have failed to allege facts supporting their claims that Plaintiffs, as assignees of Defendants' insureds, have been denied benefits under the insureds' health insurance plans. Specifically, Defendants maintain that Plaintiffs never plead which plan provision(s) afford them the claimed entitlement. Further, Defendants argue that this Court should dismiss Count VIII for the alternate reason that Plaintiffs failed to exhaust the ERISA plan's internal review procedures before filing in federal court.

The undersigned finds that Plaintiffs have failed to properly allege facts sufficient to show that Plaintiffs are entitled to relief on their ERISA claims. Plaintiffs seek reimbursement for medical

3

services provided to Defendants' plan participants under 29 U.S.C. § 1132(a)(1)(B). That provision states that a civil action maybe brought by a participant or a beneficiary "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "Subsection (a)(1)(B) 'provides a cause of action only where a plaintiff alleges a violation of the terms of a benefits plan or an ambiguity in the plan requiring judicial interpretation.'" Gunderson v. St. Louis Connectcare, No. 4:08CV01553 JCH, 2009 WL 882240 at *3 (E.D. Mo. March 26, 2009) (quoting Eichorn v. AT&T Corp., 484 F.3d 644, 652 (3rd Cir. 2007)). The plaintiff "must identify the specific provisions of the plan itself that were breached." Id. Although Plaintiffs contend that they were assignees under the "plans" and that the fiduciary failed to pay benefits due and owing by either lacking discretionary authority or denying benefits arbitrarily or capriciously, Plaintiffs do not identify the plan, the specific provisions, or otherwise support these allegations with any facts.

Plaintiffs have failed to properly plead the existence of an ERISA plan or the terms entitling them to relief. Plaintiffs merely state that they seek recovery of sums due and owing "as reimbursement for medical services provided to Defendants plan participants under numerous health plans which qualify as employee welfare benefit plans as defined by ERISA, 29 USC § 1002." (First Amended Complaint ("FAC"), ¶ 95) This is insufficient under Twombly. In re Managed Care Litigation, Nos. 00-1334-MD and 08-20005-CIV, 2009 WL 742678 at *3 (S.D. Fla. March 20, 2009) (finding conclusive allegations that "all insurance plans subject to this litigation are 'group health insurance policies [that] constitute employee welfare plans'" under ERISA to be insufficient to pass the Twombly pleading notice requirements). The court in In re Managed Care Litigation noted that "[w]ithout describing an ERISA plan, Defendants can not reasonably ascertain what the

intended benefits were or who where [sic] the proper beneficiaries under a given plan." Id. Specifically, the court found that "failure to identify the controlling ERISA plans [made] the Complaint unclear and ambiguous." Id. Further, the failure to properly allege the existence of an ERISA plan rendered it impossible for the plaintiffs to sufficiently allege the basis of liability under a given plan. Id.

Similar to the plaintiffs in In re Managed Care Litigation, the Plaintiffs in the present case simply state that the Defendants were obligated to reimburse Plaintiffs, and the "plan fiduciary either: (a) lacked discretionary authority to determine eligibility for benefits or to construe the plan's terms, or (b) denied benefits in an arbitrary or capricious manner which is unsupported by the evidence." Id. at *3-4; (FAC, ¶¶ 95, 98, 99). As previously stated, merely reciting the elements of a cause of action is insufficient under Twombly. Id. at 555. The Plaintiffs failed to state any factual allegations which would clarify the grounds upon which their ERISA claim rests. Therefore, the undersigned will dismiss Count VII of Plaintiffs' First Amended Complaint for failure to state a claim.

Similarly, Count IX should also be dismissed. Under 29 U.S.C. § 1132(a)(3), a participant, beneficiary, or fiduciary may bring a civil action "(A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Recently, the Eighth Circuit Court of Appeals explained, "[t]his section permits plan participants and beneficiaries to 'seek equitable remedies in [their] individual capacit[ies] for a breach of fiduciary duty not specifically covered by the other enforcement provisions of section 1132.'" Pichoff v. QHG of Springdale, Inc., 556 F.3d 728, 731 (8th Cir. 2009) (quoting Kerr v. Charles F. Vatterott & Co., 184 F.3d 938, 943 (8th Cir. 1999)). However, "where a plaintiff is 'provided

5

adequate relief by [the] right to bring a claim for benefits under . . . § 1132(a)(1)(B),' the plaintiff does not have a cause of action to seek the same remedy under § 1132(a)(3)(B)." Conley v. Pitney Bowes, 176 F.3d 1044, 1047 (8th Cir. 1999) (quoting Wald v. Southwestern Bell Corp. Customcare Med. Plan, 83 F.3d 1002, 1006 (8th Cir. 1996)).

Review of the Amended Complaint reveals that Plaintiffs request the same relief in both Counts VII and IX. Both Counts state, "Plaintiff's are entitled to bring a private cause of action to seek redress for the denial of benefits which has occurred under these various plans, and is entitled to recover benefits which are entitled to them under the terms of these plans." (FAC, ¶¶ 101, 113) Further, both Counts claim that "Plaintiffs have been denied benefits in the term of reimbursement of fees identified in the attached exhibits." (FAC, ¶¶ 102, 114) Plaintiff "has a claim for benefits under § 1132(a)(1)(B) and therefore may not seek the same benefits in the form of equitable relief under § 1132(a)(3)(B)." Conley, 176 F.3d at 1047. The United States Supreme Court reasoned in Variety Corp. v. Howe that § 1132(a)(3) acts as a safety net and offers appropriate equitable relief for violations that § 1132 does not adequately remedy elsewhere. 516 U.S. 489, 512 (1996).

Further, the fact that Plaintiffs' claim under § 1132(a)(1)(B) fails "does not make [their] alternative claim under section 1132(a)(3) viable. Tolson v. Avondale Indus., Inc., 141 F.3d 604, 610 (5th Cir. 1998); see also Cheal v. Life Ins. Co. of North America, 330 F. Supp. 2d 1347, 1355-56 (N.D. Ga. 2004) (stating where plaintiff's § 1132(a)(1)(B) claim is lost, "the fact that the plaintiff had a remedy will still preclude a claim for relief" under § 1132(a)(3)). Because the relief Plaintiffs seek is available under § 1332(a)(1)(B), they are precluded from stating an alternate basis for relief under § 1132(a)(3). Cheal, 330 F. Supp. 2d at 1356. Further, Plaintiffs reliance on Parke v. First Reliance Standard Life Ins. Co., 368 F.3d 999, 1006 (8th Cir. 2004) is inapposite, as that case does not

address prejudgment interest where a plaintiff has filed claims under both (1) and (3).[1] Therefore, the Court will dismiss Count IX of Plaintiffs First Amended Complaint.

### B. Counts I and II: Quantum Meruit and Unjust Enrichment

Plaintiffs' first and second causes of action seek reimbursement under the theories of quantum meruit and unjust enrichment. The elements of a "quasi-contract" or *quantum meruit* claim include: 1) the plaintiff provided to the defendant materials or services at defendant's request or with the defendant's acquiescence; 2) the materials or services had reasonable value; and 3) despite demands by plaintiff, defendant failed and refused to pay the reasonable value of such materials or services. Olathe Millwork Co. v. Dulin, 189 S.W.3d 199, 206 (Mo. Ct. App. 2006) (citation omitted). A claim for unjust enrichment requires: "'a benefit conferred by a plaintiff on a defendant; the defendant's appreciation of the fact of the benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable.'" Bauer Dev. LLC v. BOK Fin. Corp., 290 S.W.3d 96, 100 (Mo. Ct. App. 2009) (quoting Hertz Corp. v. Raks Hospitality, Inc., 196 S.W.3d 536, 543 (Mo. Ct. App. 2006).

Defendants maintain that Plaintiffs cannot state a claim for *quantum meruit* or unjust enrichment because the Defendants never requested or authorized Plaintiffs' services, nor did they receive a benefit. Defendants' brief argues that this Court should dismiss Plaintiffs quasi-contract claims because they lack merit. Indeed, Defendants rely upon cases which apply a summary judgment standard, not the Twombly standard for dismissal. See, Cedars Sinai Med. Ctr. v. Mid-West Nat'l Life Ins. Co. of Tenn., 118 F. Supp. 2d 1002, 1013 (C.D. Cal. 2000) (granting defendant's motion

---

[1] In Parke, the Eighth Circuit Court of Appeals noted Eighth Circuit precedent, along with case law from other federal circuits, which allowed courts to award prejudgment interest as "other appropriate equitable relief" under § 1132(a)(3)(B). 368 F.3d at 1006.

for summary judgment on plaintiff's quantum meruit claim for lack of evidence of a request); UCSF-Stanford Health Care v. Hawaii Mgmt. Alliance Benefits & Servs., Inc., 58 F. Supp. 2d 1162, 1171 (granting summary judgment where no evidence existed on the record showing that defendants received any benefit ). Further, Defendants rely heavily upon two cases from the Middle District of Florida applying the former standard for dismissal under Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See All Children's Hosp., Inc. v. Medical Sav. Ins. Co., No. 8:04-cv-186-T-26EAJ, 2008 U.S. Dist. LEXIS 59167 (M.D. Fla. May 12, 2008); Adventist Health Sys./Sunbelt Inc. v. Medical Sav. Ins. Co., No. 6:03-cv-1121-Orl-19KRS, 2004 U.S. Dist. LEXIS 30976 (M.D. Fla. March 8, 2004). The Court declines to follow these cases presented by Defendants in support of their Motion to Dismiss.

Plaintiffs' First Amended Complaint alleges that they provide emergency and other medical services to insureds of the Defendants and to members of Defendants' health plans. (FAC, ¶ 18) Further, Plaintiffs assert that Defendants paid a reduced amount for the services, implying that the Defendants acquiesced to and appreciated such services. (FAC, ¶ 27) Additionally, Plaintiffs submitted claim forms and allege that the Defendants did not pay the usual and customary rates for such medically necessary services. (FAC, ¶ 27) The undersigned finds that these allegations are sufficient to withstand Defendants' Motion to Dismiss. Plaintiffs First Amended Complaint supports their *quantum meruit* and unjust enrichment claims with enough factual allegations "to raise a right to relief above the speculative level . . . ." Twombly at 1965. Therefore, Defendants' Motion to Dismiss Counts I and II is denied.

### C. Count III: Missouri Prompt Pay Act, Mo. Rev. Stat. § 376.383

Section 376.383.2 of the Missouri Revised Statutes states, in part:

> Within forty-five days after receipt of a claim for reimbursement from a person entitled to reimbursement, a health insurer, nonprofit service plan or health maintenance organization shall pay the claim in accordance with this section or send notice of receipt and status of the claim . . .

Defendants maintain that Plaintiffs have failed to allege sufficient facts to support their allegations under the Missouri Prompt Pay Act ("MPPA"). Specifically, Defendants assert that the Complaint does not allege whether they submitted the claims electronically as required by Mo. Rev. Stat. § 376.384.2; the date of each claim at issue; whether the insurer requested additional information; the grounds for denial; whether those grounds were reasonable; whether Plaintiffs made proper demands; and which allowable claims were not paid within the MPPA deadlines. Plaintiffs, on the other hand, respond that they have sufficiently alleged an MPPA claim. The undersigned finds that Plaintiffs have failed to properly plead a claim under the MPPA under the Twombly requirements. The First Amended Complaint only contains allegations that Plaintiffs made repeated demands for payment after Defendants failed to pay or payed below the Usual and Customary Rate and failed to pay claims for facility fees. (FAC, ¶¶ 19, 27, 37, 62, 63) Defendants correctly point out that the Complaint is void of any mention of dates or notices of denial under the statute. The CPT reports show dates of service but do not indicate when Plaintiffs submitted the claims and whether they submitted them electronically. (FAC, Exh. 1 & 2) Further, Plaintiffs do not indicate whether Defendants sent notice of receipt and status of the claim. Plaintiffs appear to take issue with the amounts paid, yet the MPPA does not speak to the veracity of amounts, only prompt payment or response. See Schoedinger v. United Healthcare of Midwest, Inc., 557 F.3d 872, 875 (8th Cir. 2009) ("The Missouri Prompt Payment Act imposes statutory penalties on a health carrier that 'fails to pay, deny

9

or suspend' a claim within forty days . . .").[2] Under Twombly, as stated previously, legal conclusions must be supported by factual allegations to survive a motion to dismiss. 550 U.S. at 570. The undersigned finds that the Plaintiffs have failed to allege an MPPA claim with sufficient factual support to be plausible on its face. Therefore, the Court will dismiss Count III of the First Amended Complaint.

### D. Count IV: Declaratory Judgment

Plaintiffs also seek injunctive and declaratory relief and ask the Court to adjudicate the rights, responsibilities and obligations of the Plaintiffs and Defendants as to monies allegedly owed. Defendants maintain that this claim should be dismissed because an adequate remedy already exists in law. Plaintiffs acknowledge that they are seeking monetary relief for the failure of the Defendants to pay for facility fees. However, Plaintiffs claim that they also seek a declaration that the facility fee is an appropriate charge and that the basis of denial is not permissible under Missouri law.

The undersigned finds that the claim for declaratory judgment is duplicative of Plaintiffs' claims for violation of the Missouri Prompt Pay Act, breach of contract, vexatious refusal to pay, and the quasi-contract claims. "A declaratory judgment action is not used where an adequate remedy already exists at law." Graham v. Goodman, 850 S.W.2d 351, 356 (Mo. 1993) (en banc). Here, Plaintiffs seek repayment of facility fees in their MPPA claim. In addition, while the Causes of Action are somewhat unclear, the Complaint appears to include monies for facility fees in the breach of

---

[2] Although the Defendants do not raise a preemption argument in their motion, the undersigned notes that the Schoedinger court also held that ERISA preempted Plaintiffs' claims for MPPA remedies. 557 F.3d at 876. The court relied on Supreme Court precedent which held, "'any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted.'" Id. at 875-76 (quoting Aetna Health Inc. v. Davila, 542 U.S. 200, 208-09 (2004)).

contract claim, vexations refusal to pay claim, and the quasi-contract claims. Thus, because Plaintiffs have adequate remedies at law, they are precluded from asserting a declaratory judgment claim. See Brown v. First Health Group Corp., No. 4:07cv01852SNLJ, 2009 WL 440489, at *10 (E.D. Mo. Feb. 20, 2009) (finding declaratory judgment inappropriate where plaintiffs had adequate remedies under the law for breach of contract and tortious interference); Goldfinch Enters., Inc. v. Columbia W, L.P., 159 S.W.3d 866, 867 (Mo. Ct. App. 2005) (affirming the lower court's refusal to grant declaratory judgment where plaintiff had an adequate remedy at law in a breach of contract claim). Therefore, the undersigned will dismiss Count IV of Plaintiffs' First Amended Complaint.

**E. Claim V: Breach of Contract – Breach of Duty of Good Faith and Fair Dealing**

Plaintiffs also assert that the Defendants, by failing and refusing to properly and lawfully pay Plaintiffs' claims, breached an agreement that Defendants would compensate Plaintiffs as non-participating providers. Plaintiffs additionally maintain that the parties have an implied covenant by which Defendants owe and owed a duty to act in good faith and deal fairly with Plaintiffs in paying sums due and owing for services rendered, which duty Defendants have breached. (FAC, ¶¶ 73-79) Defendants argue that no such agreement or contractual obligation exists.

A breach of contract claim requires the following elements: "(1) a contract between the plaintiff and the defendant; (2) rights of the plaintiff and obligations of the defendant under the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." Teets v. American Family Mut. Ins. Co., 272 S.W.3d 455, 461 (Mo. Ct. App. 2008) (citation omitted). Here, Plaintiffs allude to some "Agreement" but have failed to allege the existence of an

actual contract between the parties, as is required to state a claim.³ Further, Plaintiffs make only vague allegations as to the "terms" of the alleged contract. See iCARD Stored Value Solutions, L.L.C. v. West Suburban Bank, No. 4:07-CV-1539 CAS, 2008 WL 619236, at *2 (E.D. Mo. March 3, 2008) (dismissing breach of contract claim where plaintiff made only vague references and failed to plead sufficient facts concerning the general nature of the contract and the damages). The assertion that Plaintiffs are assignees to certain contracts between the participants/members and the defendants is equally nebulous. As stated previously, Plaintiffs have failed to identify these contracts with sufficient specificity under Twombly. Therefore, this Court will dismiss Plaintiffs' claim for breach of contract.

Likewise, Plaintiffs' claim for breach of the duty of good faith and fair dealing must be dismissed. To prove a violation of the covenant of good faith and fair dealing, "the plaintiff must show that the party exercised its discretion 'in such a manner as to evade the spirit of the transaction or so as to deny [the other party] the expected benefit of the contract.'" BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 914 (8th Cir. 2007) (quoting Mo. Consol. Health Care Plan v. Cmty. Health Plan, 81 S.W.3d 34, 45 (Mo. Ct. App. 2002)). Again, this claim requires the existence of a contract. Danella Southwest, Inc. v. Southwestern Bell Tele. Co., 775 F. Supp. 1227, 1236 (E.D. Mo. 1991) ("[a] claim based on a breach of good faith and fair dealing presupposes that a contractual right existed between the parties."). Plaintiffs have not properly alleged a contract between the parties, nor have they identified the contracts and corresponding terms which entitle them to relief as

---

³ For instance, in paragraph 26 of the First Amended Complaint, Plaintiffs state, "[b]y submitting claim forms, plaintiffs necessarily relied on the **understanding** that they would be paid by the Defendants for medically necessary services and procedures provided to individuals in the attached Exhibits." (emphasis added).

12

assignees. Therefore, Count V of the First Amended Complaint will be dismissed.

### F. Count VI: Vexatious Refusal to Pay

Plaintiffs claim that Defendants' refusal to pay the full amount is without reasonable cause or excuse and that Plaintiffs are entitled to the penalty prescribed in Mo. Rev. Stat. § 375.420 based on Defendants' vexatious refusal to pay. (FAC, ¶ 83) Defendants maintain that Plaintiffs have failed to support this allegation with sufficient facts under Twombly and that the claim should be dismissed.

A vexatious refusal to pay claim requires a plaintiff to show: (1) an insurance policy; (2) the insurer's refusal to pay; and (3) refusal without reasonable cause or excuse. Hensley v. Shelter Mut. Ins. Co., 210 S.W.3d 455, 464 (Mo. Ct. App. 2007) (citation omitted). While the Defendants primarily argue that Plaintiffs have failed to demonstrate a refusal without reasonable cause or excuse, the undersigned is more troubled by the lack of any concrete allegations regarding an insurance policy. See Mathes v. Mid-Century Ins. Co., No. 4:06-CV-01161 SNL, 2008 WL 2439744, at *3 (E.D. Mo. June 16, 2008) (finding that vexatious refusal under Missouri Statute applies only where there is an action against an insurance company to recover a loss under a policy and damages provide a remedy additional to the amount due under the insurance contract). Here, as stated in subsection E, any existence of a policy or policies applying to the Plaintiffs is absent from the pleadings.

Assuming, *arguendo*, that such policy or contract does exist, Plaintiffs have not adequately pled that the refusal to pay was without reasonable cause or excuse. First, the Plaintiffs acknowledge that the Defendants did pay, albeit at a rate less than Plaintiffs requested. (FAC, ¶ 27) However, vexatious refusal to pay allows damages "only upon a showing that the insurer refused to pay such loss *without reasonable cause or excuse*." Mathes, 2008 WL 2439744, at *4 (emphasis in original). The First Amended Complaint simply contains no factual support for Plaintiffs' allegations that

13

Defendants vexatiously refused to pay. Therefore, the Court will grant Defendants' motion to dismiss Count VI of Plaintiffs' First Amended Complaint.

### G. Count VII: RICO Violations

Plaintiffs additionally allege violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") by engaging in mail and wire fraud. Defendants argue that Plaintiffs fail to state a viable RICO claim, as the conclusory RICO allegations, based on mere "information and belief" are insufficient to survive a motion to dismiss.

In Schoedinger v. United Healthcare of Midwest, Inc., the Eighth Circuit Court of Appeals succinctly explained RICO as:

> prohibit[ing] a person associated with an "enterprise" from conducting the enterprise's affairs "through a pattern of racketeering activity" and provides a private right of action for treble damages to any person "injured in his business or property by reason of a violation." 18 U.S.C. §§ 1962(c), 1964(c). "Racketeering activity" is defined in § 1961(1)(B) to include "any act which is indictable" under the federal statute prohibiting mail fraud. A person is guilty of criminal mail fraud if he devises a "scheme or artifice to defraud" and uses the mails "for the purpose of executing such scheme or artifice." 18 U.S.C. § 1341.

557 F.3d 872, 876 (8th Cir. 2009). For a RICO claim to survive dismissal, a plaintiff must adequately plead a "'pattern of racketeering activity.'" Abels v. Farmers Commodities Corp., 259 F.3d 910, 918 (8th Cir. 2001) (quoting 18 U.S.C. § 1962(c)). When examining a motion to dismiss a RICO claim based on mail and wire fraud, a court must determine "whether the plaintiffs have sufficiently pleaded mail and wire fraud under the standard of Rule 9(b)." Id. at 920. "[A] plaintiff must specifically allege the 'circumstances constituting fraud,' Fed. R. Civ. P. 9(b), including 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" Id. (quoting Bennett v. Berg, 685

F.2d 1053, 1062 (8th Cir. 1982)).

Defendants contend that Plaintiffs have failed to state mail or wire fraud with sufficient particularity, while Plaintiffs claim that the allegations are sufficient under Rule 9(b) and Twombly. Specifically, Plaintiffs claim that the allegations "that the Anthem Defendants, all represented by the same counsel, engaged in a scheme or enterprise (para. 3, 5, 29 & 30), used their economic and market power to influence the reduced payment of reimbursements starting in 2008, by agents or employees of the defendants (para. 3, 13-4, 16, 28 & 31) or otherwise engaged in a conspiracy (para. 34, 38 & 40)." (Plaintiff's Response, p. 10)

The undersigned finds that Plaintiffs' RICO allegations fall short of the pleading requirements of Rule 9(b) and Twombly. The First Amended Complaint merely states conclusory legal allegations and terminology, which the Court need not accept as true. Great Plains Trust Co. v. Union Pacific R. Co., 492 F.3d 986, 995 (8th Cir. 2007) (citation omitted). Plaintiffs fail to specify the "'who, what, when, where, and how.'" Id. (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990)). The claims are merely "upon information and belief," which is insufficient to state a viable claim. The Complaint fails to indicate "who," referring only to Defendants or the enterprise, which is insufficient to plead fraud. Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1381 (11th Cir. 1997) (dismissing Amended Complaint where complaint was "devoid of specific allegations with respect to the separate Defendants."). Further, Plaintiffs do not explain or attach "EOB" forms or explain how the content of these forms are misleading or fraudulent. Additionally, Plaintiffs use terms, such as "bundling" and "down-coding" without explaining what the terms mean, who participated in the alleged pattern of activity, and how such activity constitutes mail fraud. The First Amended Complaint is void of any indication of time and place to allow Defendants to

adequately respond. See Abels v. Farmers Commodities Corp., 259 F.3d 910, 918 (8th Cir. 2001) (stating a claim of fraud "necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct."); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1381 (11th Cir. 1997) (dismissing RICO claims for failure to plead fraud with particularity where allegations provided "no basis in fact upon which the Court could conclude that any specific act of any specific Defendants is indictable for mail or wire fraud."). Thus, the undersigned finds that the Plaintiffs have failed to sufficiently plead their claim under RICO, and the Court will dismiss Count VII.

## IV.  Conclusion

The undersigned finds that Counts III through IX of Plaintiffs' First Amended Complaint fail to state a claim and must be dismissed. Counts I and II sufficiently state claims for *quantum meruit* and unjust enrichment to survive Defendants' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. #17] is **GRANTED** in part, and **DENIED** in part, consistent with this Memorandum and Order, which is accompanied by a separate Judgment.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   23rd   day of February, 2010.